UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAN MERRIT,<br><br>                              Plaintiff,<br><br>v.<br><br>JONATHAN COGLEY,<br><br>                              Defendant. | Case No.:  23-cv-1031-CAB-KSC<br><br>**ORDER DENYING MOTION TO AMEND SCHEDULING ORDER**<br>**[Doc. Nos. 27, 28]** |

The parties' Joint Motion Regarding Proposed Amendments to the Scheduling Order is presently before the Court. Doc. Nos. 27, 28. Although plaintiff frames part of his request for a relief as a 60-day continuance of the fact discovery cutoff, fact discovery in this case closed on April 26, 2024, and the parties are well into expert discovery. *Compare* Doc. No. 18 at 2-3 *with* Doc. No. 27 at 11. Accordingly, plaintiff seeks to reopen discovery as a matter of substance. Regardless of plaintiff's framing of the issue, defendant opposes any amendment to the Scheduling Order. *See* Doc. No. 27 at 27. Plaintiff also seeks leave to file a first amended complaint, which defendant opposes. *See* Doc. No. 27 at 14-17, 22-27.

**(A) Whether to Reopen Discovery**

A scheduling order may not be modified without a showing of good cause. Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the part[ies] seeking amendment." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th

Cir. 1992). A request to reopen discovery—as distinct from a request to continue deadlines when discovery is still open—imposes a higher bar on parties because "[w]hereas a request for an extension acknowledges the importance of a deadline, a retroactive request suggests that the party paid no attention at all to the deadline." *W. Coast Theatre Corp. v. Portland*, 897 F.2d 1519, 1524 (9th Cir. 1990); *accord Taylor v. Kuerston*, 598 F. Supp. 3d 874, 877 (E.D. Cal. 2022) (citing *W. Coast Theatre Corp.*, 897 F.2d at 1524)). Moreover, parties must *show* good cause—not just say it exists and assume the Court will agree—because the legal concept of "good cause" is uniformly rooted in objective standards. *Cf. Am. Mart Corp. v. Joseph E. Seagram & Sons, Inc.*, 824 F.2d 733, 734 (9th Cir. 1987); *Billingsley v. MV Transp., Inc.*, 242 F. Supp. 3d 1011, 1016 (E.D. Cal. 2017); *Hernandez v. Sullivan*, 397 F. Supp. 2d 1205, 1207 (C.D. Cal. 2005).

The thrust of plaintiff's argument is that good cause to reopen discovery exists for the following reasons: (1) the identities of potential witnesses Eric Gohl and Robin Roth were unknown to plaintiff until the close of fact discovery, so there was not sufficient time to take their depositions; (2) plaintiff has "not had an opportunity to depose" a Rule 30(b)(6) witness about business records received from the Music Box bar on April 19, 2024; (3) plaintiff has not been able to locate potential witness Caleb Mbemba for a deposition; (4) a Porsche dealership failed to timely respond to plaintiff's subpoena for business records and plaintiff therefore "needs more time to ensure such records are received"; and (5) plaintiff has not yet secured deposition testimony from potential witness Angel Mermis. *See* Doc. No. 27 at 12-14.

As to the identities of Eric Gohl and Robin Roth, plaintiff learned they might be witnesses during the depositions of defendant and defendant's ex-wife, taken on April 15, 2024, and April 17, 2024, respectively. *See* Doc. No. 27 at 12-13. Plaintiff waited until the close of discovery to depose these two obvious witnesses. If he had taken their depositions earlier, he could have deposed Mr. Gohl and Ms. Roth. Thus, the failure to discover their identities is a consequence of plaintiff's lack of diligence to get this case ready for trial in a timely manner, and not, therefore, good cause to reopen discovery. Further, once the

identities of Eric Gohl and Robin Roth was learned, no explanation is provided for why they could not be deposed soon after the depositions of the defendant and his ex-wife. The same goes for taking the deposition of Angel Mermis. Plaintiff's submissions show that he knew about Ms. Mermis' status as a percipient witness since the night of the accident at issue in this case. *See* Doc. No. 27-5 at 4. Plaintiff's Motion establishes only that, despite knowing Ms. Mermis' identity all along, he chose not taken her deposition. This is a failure of diligence by plaintiff, not a showing of good cause to reopen discovery.

As for plaintiff's failure to depose a witness about business records produced from the Music Box bar, the subpoena duces tecum through which plaintiff obtained the records could also have been used to require the appearance of a witness who could attest to the records' authenticity and supply whatever other foundational testimony plaintiff might have sought. *See generally* Fed. R. Civ. P. 45(a)(1). Thus, plaintiff's argument that he has not had an opportunity to secure foundational testimony is unpersuasive because he had ample opportunity to do so. The Court concludes this is yet another failure of diligence and not good cause to reopen discovery.

Plaintiff's failure to locate witness Caleb Mbemba for a deposition is likewise a failure of diligence and not good cause to reopen discovery. Plaintiff does not dispute that he has known the identity of Mr. Mbemba since before this lawsuit was even filed. After all, Mr. Mbemba is plaintiff's friend, and he videotaped the accident at issue in this lawsuit. *See* Doc. No. 27-1 ¶ 35. Counsel's declaration in support of the instant Motion merely states the parties have made "extensive efforts" to locate Mr. Mbemba but have not thus far been able to serve him with a deposition notice and subpoena. *See id.* Plaintiff does not, however, make any effort to describe what these "extensive efforts" were. Accordingly, the conclusory statement about "extensive efforts" having been made is not good cause to reopen discovery because the Court cannot conclude whether the efforts were objectively sufficient, and plaintiff cannot, therefore, meet his burden to show good cause.

Finally, plaintiff states he needs more time to secure compliance with a subpoena that was served on a Porsche dealer on March 12, 2024. *See* Doc. No. 27 at 14. Plaintiff

could have moved the Court for an order compelling compliance with the subpoena before the close of discovery. *See generally Youngevity Int'l, Corp. v. Smith*, 16-cv-704-BTM-JLB, 2017 U.S. Dist. LEXIS 206797, at *11-12 (S.D. Cal. Dec. 15, 2017) (describing in detail the procedure for enforcing compliance with a subpoena pursuant to Federal Rule of Civil Procedure 45). Plaintiff made no such effort, instead choosing to wait until fact discovery had been closed for more than a month and expert discovery was well underway before asking to reopen discovery to further pursue this subpoena. Again, this constitutes inexcusable neglect of plaintiff's obligation to prepare this case for trial, and, therefore, is not good cause to reopen discovery.[1]

       As the Court has concluded, plaintiff had ample opportunity to secure the discovery at issue discovery before fact discovery closed in this case, but, because of a failure of diligence, the calendar ran out before plaintiff could seek all the discovery he wants. This is not a showing of good cause to reopen fact discovery. Moreover, fact discovery has been closed since April 26, 2024, yet plaintiff inexplicably waited over a month to request relief from this Court. In that time, the parties started expert discovery. As plaintiff concedes in his moving papers, reopening fact discovery will inevitably lead to reopening expert discovery, thus wasting more time and resources. *See* Doc. No. 27 at 17-18. The Court also notes that continuing expert discovery will likely require a continuance of the dispositive motion cutoff date, which will cause delay of the trial. As the Court's Chambers Rules make clear, delaying trial is a sufficient basis in and of itself to warrant denial of a discovery continuance. The Court concludes that not only was plaintiff not diligent in pursuing fact discovery, he was also not sufficiently diligent in moving to amend the Scheduling Order. The request to reopen discovery is therefore **DENIED**.

---

[1]    Plaintiff also suggests a longer discovery calendar would let the parties retain a private mediator. *See* Doc. No. 27 at 17. The parties already participated in both an ENE conference and MSC, and they have another settlement conference scheduled with this Court on August 5, 2024. *See* Doc. No. 24. The Court is not persuaded that a hypothetical settlement conference with a private mediator is somehow good cause to reopen discovery.

### **(B) Plaintiff's Request for Leave to Amend the Complaint**

Plaintiff seeks leave to amend the Complaint to plead a claim for punitive damages against defendant. *See generally* Doc. No. 27 at 14-17. The request is not contingent on the request to reopen discovery, as the information on which plaintiff bases his claim for punitive damages has already been learned in discovery. *See generally id.* Thus, even though the Court has denied the request to reopen discovery, plaintiff still has at least an arguable basis for amending the Complaint because, at least in his view, the facts presented at trial might support a claim for punitive damages. Defendant opposes the request for leave to amend on the merits, arguing not only that plaintiff's claim for punitive damages is too weak to justify amendment, but also that plaintiff has been lax in requesting leave to amend. *See generally* Doc. No. 27 at 22-27. The presiding District Judge, rather than the undersigned Magistrate Judge, has authority to resolve a motion for leave to amend the Complaint. Accordingly, this Court will not resolve the parties' arguments. Any motion for leave to amend shall be filed in conformity with the Civil Local Rules and Judge Bencivengo's Chambers Rules for Civil Cases no later than **June 17, 2024**.

**IT IS SO ORDERED**

Dated: June 3, 2024

Hon. Karen S. Crawford
United States Magistrate Judge