UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAN MERRITT, an individual,<br><br>                              Plaintiff,<br>v.<br><br>JONATHAN COGLEY, an individual; AND DOES 1 TO 30, inclusive,<br><br>                            Defendants. | Case No.: 23cv1031-CAB-KSC<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>[Doc. No. 38] |

      On July 26, 2024, this Court issued an Order Denying Plaintiff's Motion for Leave to File First Amended Complaint (the "July 26 Order"). [Doc. No. 34.] On August 23, 2024, Plaintiff filed a motion for reconsideration of the July 26 Order. [Doc. No. 38.] On September 13, 2024, Defendant filed an opposition to the motion for reconsideration. [Doc. No. 43.] No reply has been filed. For the reasons set forth below, the motion for reconsideration is **DENIED**.

      Plaintiff moves for reconsideration under Federal Rule of Civil Procedure 59(e). However, Rule 59(e) is not applicable because it governs motions to alter or amend a final judgment. Nevertheless, the Court will construe Plaintiff's motion as a traditional motion

1

for reconsideration under Local Rule 7.1(i) and Federal Rule of Civil Procedure 60(b). Local Civil Rule 7.1(i)(1) states that a party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown" in connection with a prior application or motion that was denied. CivLR 7.1(i). "The moving party under Rule 60(b) is entitled to relief from judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment." *Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001).

Plaintiff does not satisfy any of the requirements for reconsideration. Plaintiff's motion does not present any new facts or evidence justifying reconsideration. Rather, Plaintiff's motion simply repeats arguments previously presented. Plaintiff's claim that the Court had an "erroneous understanding of certain material facts in Plaintiff's moving papers" [Doc. No. 38 at 3], is merely another way of saying that Plaintiff disagrees with the Court's conclusions in the July 26 Order. Finally, Plaintiff fails to show any other basis for reconsideration, such as mistake, fraud or intervening change in the law.

Ultimately, the Court echoes the following sentiment expressed by another district judge that motions for reconsideration should not be used merely as an intermediate "appeal" before taking a disputed ruling to the Ninth Circuit:

> The Court cannot emphasize strongly enough that the Rules allowing for motions for reconsideration are not intended to provide litigants with a second bite at the apple. Rather, reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). In an adversarial system such as ours, more often than not one party will win and one will lose. Generally, it follows that the losing party will be unhappy with the Court's decision. Rarely does the losing party believe that its position lacked merit, or that the Court was correct in ruling against it. Rather than either accept the Court's ruling or appeal it, it seems to have instead become *de rigueur* to file a motion for reconsideration. The

vast majority of these motions represent a simple rehash of the arguments already made, although now rewritten as though the Court was the opposing party and its Order the brief to be opposed. It is easy for each litigant to consider only his or her own motion, and the seemingly manifest injustice that has been done to them. But the cumulative effect is one of abuse of the system and a drain on judicial resources that could be better used to address matters that have not yet been before the Court once, let alone twice.

This is not to say that a motion for reconsideration is never well-taken. A litigant should not shy from bringing to the Court's attention changes in facts and circumstances that render a ruling no longer logical, an intervening change in controlling authority, or other critical matters that the Rules provide should be brought to the Court's attention in this way. On this basis, motions for reconsideration should be few, far between, and narrowly focused. When this is the case, the Rules work as they were intended, and the Court can focus on the business of justice.

*Strobel v. Morgan Stanley Dean Witter*, No. 04CV1069 BEN(BLM), 2007 WL 1053454, at *3–4 (S.D. Cal. Apr. 10, 2007). The Court considered the arguments set forth in the motion for reconsideration and is not persuaded that its July 26 Order was incorrect. Accordingly, Plaintiff's motion for reconsideration is **DENIED**. Defendant's request to seek leave to submit a declaration of counsel concerning fees and costs incurred in preparing his opposition is also **DENIED.**

It is **SO ORDERED.**

Dated: September 27, 2024

_____
Hon. Cathy Ann Bencivengo
United States District Judge