UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAN MERRITT,<br><br>         Plaintiff,<br><br>v.<br><br>JONATHAN COGLEY, et al.,<br><br>         Defendants. | Case No.: 3:23-cv-01031-CAB-KSC<br><br>**ORDER DENYING EX PARTE MOTION** |

On January 28, 2025, the jury in this matter found in favor of Plaintiff Ian Merritt. [Doc. No. 143.] On February 13, 2025, Defendant Jonathan Cogley filed this ex parte motion seeking leave to conduct juror interviews. [Doc. No. 148.] Plaintiff Ian Merritt filed a response in opposition. [Doc. No. 149.] For the reasons set forth below, Defendant's motion is **DENIED**.

**I. BACKGROUND**

Defendant seeks leave from the Court to interview the jury to explore whether the jury "consulted extraneous prejudicial information." [Doc. No. 148 at 7.] Defendant's proffered basis is that (1) Plaintiff's counsel made repeated references to Defendant's wealth allegedly in violation of a motion *in limine* and (2) that the awarded damages were so high it "creates a strong inference that the jury conducted its own research into [Defendant's] publicly verifiable wealth." [*Id.* at 3.] Defendant argues that there is no

basis for the jury's verdict and, therefore, there is an "unmistakable inference" that extraneous information influenced the jury. [*Id.* at 6.] Thus, Defendants purportedly should be granted leave to interview jurors. The Court disagrees.

## II.    ANALYSIS

"It is incumbent upon the courts to protect jurors from the annoyance and harassment" of being interviewed "on the course of their deliberations in the jury room." *Bryson v. U.S.*, 238 F.2d 657, 665 (9th Cir. 1956). Indeed, "it is improper and unethical for lawyers to interview jurors to discover what was the course of deliberation of a trial jury." *Smith v. Cupp*, 457 F.2d 1098, 1100 (9th Cir. 1972). The Ninth Circuit has held that "in cases where there has been no showing of juror misconduct . . . a district d[oes] not abuse [its] discretion in refusing to allow postverdict interrogation of jurors." *Mitchell v. U.S.*, 958 F.3d 775, 787 (9th Cir. 2020) (alterations in original) (internal quotation marks omitted).

Defendant Cogley fails to show any juror misconduct or that any extraneous prejudicial information was brought to the jury's attention. Indeed, Defendant only speculates that the jury *may* have done its own research into Defendant's wealth because it heard evidence that Defendant sold his damaged Porsche after the incident for half its purchase price, immediately purchased another for over $300,000, and then took a flying lesson—all allegedly in violation of a motion *in limine* to preclude reference to wealth. Defendant states that such behavior is "out of the ordinary for an American not of considerable wealth" and "*could* have prompted internet research about [Defendant]." [Doc. No. 148 at 7 (emphasis added).]

The Court previously ruled on Defendant's challenge that the aforementioned evidence violated the motion *in limine*. [Doc. No. 128 at 491–92.] The Court stated that it did not violate the motion, that the evidence was relevant to Defendant's post-incident behavior, and that the jury would be instructed to not "make any speculation about wealth or consider wealth in determining liability in the case." [*Id.*] Indeed, the Court instructed the jury in Jury Instruction No. 36 to not consider any party's wealth in reaching its verdict.

[Doc. No. 141 at 16.]  Moreover, regarding Defendant's speculation of research by the jury, the Court instructed the jury daily to not do its own research into the case.  [*See, e.g.*, Doc. No. 128 at 76; *see also* Doc. No. 135 at 117.]  Ninth Circuit and Supreme Court precedent instruct that a jury is presumed to follow court instructions.  *See Deck v. Jenkins*, 814 F.3d 954, 979 (9th Cir. 2016); *see Weeks v. Angelone*, 528 U.S. 225, 234 (2000).  The Court finds the uncertain language Defendant employs in his own motion as demonstrative of the speculative basis for this request.  As such, the ex parte motion is **DENIED**.

It is **SO ORDERED**.

Dated:  February 21, 2025

Hon. Cathy Ann Bencivengo
United States District Judge