UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAN MERRITT,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>JONATHAN COGLEY,<br><br>　　　　　　Defendant. | Case No.: 3:23-cv-1031-CAB-KSC<br><br>**ORDER GRANTING IN PART MOTION TO RE-TAX**<br><br>[Doc. No. 163] |

Plaintiff has filed a motion to re-tax costs. [Doc. No. 163.] Based on LR 54.1(h), that motion is timely. The Court grants the motion in part and denies it in part.

**I.    PROCEDURAL BACKGROUND**

Plaintiff submitted for costs which the Clerk's office rejected for procedural defects. Among these defects were a complete lack of documentation, invoices, or even an explanation of the claimed costs as required by LR 54.1. [Doc. No. 161 at 2.] Plaintiff's counsel admits that the filing was "incomplete, lacking full supporting documentation such as detailed invoices and receipts." [Doc. No. 163-1 at 2.] Although Plaintiff complains that he has been denied his right to costs due to these "procedural issues," it is entirely Plaintiff's responsibility to follow the rules of this District.

Plaintiff claims that a recent office relocation change and change in case management system contributed to counsel's errors relating to the first bill of costs (which

the Clerk of the Court rightfully rejected).  But that office relocation happened months before Plaintiff filed for costs.  [Doc. No. 171-1 at 2.]  Plaintiff does not provide much to help the Court to understand how the change in the firm's case management system contributed to the procedural shortcomings.

Plaintiff nevertheless states that he "genuinely believed that the Initial Bill of Costs could be cured after the deadline," [Doc. No. 163 at 5], but fails to provide an acceptable basis for this belief.  As Plaintiff points out, ignorance of the law is not an excuse.  *See, e.g.*, *Cohen v. Bd. of Trustees of the Univ. of the Dist. of Columbia*, 819 F.3d 476, 480 (D.C. Cir. 2016) (affirming denial of Rule 6 relief where attorney's misreading of the case docket did not constitute excusable neglect).

At this juncture, Plaintiff has submitted three separate cost bills.  On February 12, 2025, he claimed $257,159.58 in costs.  [Doc. No. 145.]  Next, Plaintiff increased his request to $267,248.85 "in an effort to provide a more comprehensive accounting." [Doc. No. 163 at 15.]  Then, "Plaintiff discovered additional bills that had not been previously accounted for," and on April 4, 2025, submitted a bill for $278,411.61.  [*Id.*]

The Court agrees that Defendant has been prejudiced.  Plaintiff continues to request additional costs past the imposed deadline all while Defendant is repeatedly forced to formulate a response to each.  The Court will not infer bad faith from Plaintiff's actions— but also will not give him the benefit of his delay.  Thus, the Court will consider only the first bill of costs filed by Plaintiff, as detailed in the table below:

| | |
|---|---|
| Fees for service of summons and subpoenas | $7,995.00 |
| Fees for printed or electronically recorded transcripts | $42,545.83 |
| Fees and disbursements for printing | $6,418.62 |
| Witness Fees | $5,000.00 |

| Other Costs – Itemized | $7,628.94 |
| --- | --- |
| Other Costs – Court-Appointed Experts | $165,499.44 |

## II. LEGAL STANDARD

The district court has discretion to award costs to a prevailing party. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987). That discretionary power is found in Fed. R. Civ. P. 54 (d). *Id.* 28 U.S.C. § 1920 outlines the costs that may be taxed against a losing party. The Local Rules provide greater detail on taxable costs, which the Court discusses as relevant below.

The Court notes that much of Plaintiff's response is to justify why his motion for re-tax should be considered in the first place. [*See generally*, Doc. No. 175.] Plaintiff devotes little effort to contest Defendant's line-by-line refutation of the requested costs.

## III. ANALYSIS

### A. Fees for Subpoena Service

Plaintiff requests $7,995.00 for fees relating to the service of subpoenas. $246.75 of that amount is related to "Same Day Rush" service. Under Local Rule 54.1(b)(1), "fees for expedited service are allowable only if the Court ordered service to be affected on an expedited basis." As the Court did not order any expedited service, the amount for same day rush service is not recoverable.

The Court disagrees with Defendant that costs should only be awarded to individuals who testified at trial. The text of the local rule contains no such limitation. Nevertheless, exercising its discretion, the Court limits costs only to those witnesses identified in Plaintiff's most recently filed witness list. [Doc. No. 54.]

Defendant argues that the expenses associated with the subpoena against Dr. Fox should not be taxed against Defendants since he resided more than 100 miles from the federal courthouse. The same appears to be true for Messrs. Nourian and Patel (neither of whom testified at trial). The Court agrees. Defendant is also correct that All City Invoice #13268 dated March 25, 2024 is duplicative of the subpoena issued to Kira Merritt.

The Court awards a total of $1,475.00 in costs for the following subpoenas:

| | |
|---|---|
| Officer Dalton Abernathy | $165.00 |
| Officer Daniel Ellis | $165.00 |
| Sierra Peralta | $165.00 |
| Kira Merritt | $165.00 |
| Andrew Fox, M.D. | $155.00 |
| Daniel Hunter | $165.00 |
| Benjamin Attias | $165.00 |
| William T. Kent, M.D. | $165.00 |
| Nassey Kouame | $165.00 |
| Total | $1,475.00 |

**B. Fees for Printed or Electronically Recorded Transcripts**

Plaintiff requests $42,545.83 in fees for deposition transcripts. First, the Court agrees with Defendant that he should not have to pay any late payment fees on transcripts ordered by Plaintiff. The Court also denies Plaintiff's request for fees related to a "rough" transcript of the deposition of Daniel Simaceck.

As for the video depositions, LR 54.1(b)(3) allows recovery for both video and stenographic depositions if the video deposition is used at trial. The only video used at trial was that of Officer Abernathy. The Court also agrees that costs for "synchronized media files" and "original media files" for non-testifying witnesses are not taxable.

With respect to Steno Agency, Inc., the invoices lump together costs for expedited transcripts. The Court will not grant recovery for expedited transcripts. Moreover, Invoice No. 1423417, totaling $992.15, does not have a deponent, and the Court cannot tax costs for that invoice without additional clarifying information.

The Court further agrees with Defendant regarding shipping and handling costs for delivery of transcripts of Kira Merritt and Sierra Peralta to counsel, *see* LR 54.1(b)(3)(d), and the invoices from Network Disposition Services. The Court disagrees that costs from

the depositions of Leslie Ann Herfindahl, Nassey Kouame, Scott Allen DeFoe, and Officer Larrison are not taxable as there is no basis to say that these depositions were taken for "mere discovery" pursuant to LR 54.1(b(3)(a). Plaintiff shall receive the following amounts:

| Deponent | Item | Amount |
|---|---|---|
| Ian Merritt | Certified Transcript | $469.50 |
| Okorie Okoracha | Certified Transcript | $604.15 |
| Officer Abernathy | Certified Transcript | $631.90 |
| Jon Landerville | Certified Transcript | $1,317.71 |
| Officer Abernathy | Media File (Video) | $253.75 |
| Jessica Thackaberry, M.D. | Certified Transcript | $452.00 |
| Detective Ybanez | Certified Transcript $ | $654.50 |
| Raymond Vance, M.D. | Court Reporting | $1,813.50 |
| Tyler Shaw | Court Reporting | $1,920.10 |
| Howard Tung, M.D | Court Reporting | $1,589.40 |
| Ed Barley | Court Reporting | $1,397.00 |
| Leslie Ann Herfindahl | Certified Transcript | $469.50 |
| Nassey Kouame | Certified Transcript | $235.00 |
| Scott Allen DeFoe | Certified Transcript | $516.25 |
| Officer Larrison | Certified Transcript | $400.00 |
| TOTAL | -- | $12,724.26 |

**C. Fees and Disbursements for Printing**

LR 54.1(b)(6)(c) requires a litigant to present documentary evidence in the form of affidavits providing key details related to printing. Plaintiff has not provided any of those details. In the absence of the required specific showing, "recovery must be denied." LR 54.1(b)(6)(c). Moreover, there are numerous other problems with Plaintiff's request, including that Plaintiff seeks recovery for items (USB drives, data transfers/extraction) that

are not taxable under the rules. Because of these numerous shortfalls, the Court does not award costs for this category.

### D. Fees for Witnesses

The Court agrees that fees charged by expert witnesses above the standard daily attendance fee are not taxable costs. Plaintiff appears to be seeking some sort of expert witness fees for Dr. Kent, Mr. Brault, Mr. Morris, and Dr. Fox. [*See* Doc. No. 163-5 at 4.] The only amount Plaintiff may recover for these expert witnesses is $40.00 per day, for attendance because none of these witnesses were court appointed. 28 U.S.C. § 1821(b). The total amount recoverable is $160.00.

### E. Court-Appointed Experts

Plaintiff cannot recover $165,499.44 for expert witness fees. Those fees are recoverable if an expert is appointed by the Court, s*ee* LR 54.1(b)(5), but the Court did not appoint a single expert.

### F. Certified Trial Court Transcripts

Plaintiff seeks $7,628.94 in trial court transcripts. LR 54.1(b)(2) provides that "except as provided . . . the cost of transcripts is not normally allowable unless, before it is incurred, it is approved by a judge or stipulated to be recoverable by counsel." None of the exceptions apply here. LR 54.1(b)(2)(b) does not apply since the transcripts were not "necessarily" ordered for appeal.

///
///
///

## IV. CONCLUSION

The Court amends the Clerk's Order Taxing Costs, [Doc. No. 161], to the following amounts:

| | |
|---|---|
| Fees for service of summons and subpoenas | $1,475.00 |
| Fees for printed or electronically recorded transcripts | $12,724.26 |
| Fees and disbursements for printing | $0 |
| Witness Fees | $160.00 |
| Other Costs – Itemized | $0 |
| Other Costs – Court-Appointed Experts | $0 |
| Total | $14,359.26 |

Dated: May 28, 2025

_____
Hon. Cathy Ann Bencivengo
United States District Judge